UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| CHARLES AND IRENE GALBRAITH, § § Plaintiffs, § § v. § § WASHINGTON NATIONAL § INSURANCE COMPANY; SKIP § FRANCISCO; and LEEANN BOYD, § § Defendants. § | CASE NO.: 6:23-cv-00057 |

# DEFENDANT WASHINGTON NATIONAL INSURANCE COMPANY'S NOTICE OF REMOVAL

Comes now Defendant, Washington National Insurance Company ("WNIC"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, and hereby gives notice of its removal of the above-styled matter from the 24th Judicial District Court of DeWitt County, Texas, to the United States District Court for the Southern District of Texas, Victoria Division. An Index of State Court Matters ("Index") and a Civil Cover Sheet are filed herewith. In support of removal, WNIC states as follows:

**A.   Introduction**

1.   On or about September 22, 2023, Plaintiffs Charles and Irene Galbraith filed an Original Petition (the "Petition") against WNIC, Skip Francisco ("Francisco"), and LeeAnn Boyd (identified as "Deann Boyd" in ¶ 5 of the Petition and on the state court docket) ("Boyd") in the 24th Judicial District Court of DeWitt County, Texas, under Cause No. 23-062-DCCV-00094 (the "State Court Action").

2. A copy of the Petition was served on WNIC's registered agent for service of process on October 17, 2023. The service statuses of Francisco and Boyd are irrelevant. Where, as here, improper or fraudulent joinder is alleged, the general rule requiring each putative co-defendant's consent to removal does not apply, as explained below.

3. Copies of all process, pleadings, and orders served on WNIC in the State Court Action are included in the Index filed herewith as Exhibit B, pursuant to 28 U.S.C. § 1446(a) and Local Rule 81. Further, a List of Counsel and Parties is attached as Exhibit C.

4. The Petition identifies the following causes of action: (a) breach of contract; (b) fraud; and (c) action for misrepresentation. (Index, Pet. ¶¶ 13-23.) The claims generally sound in bad faith denial of insurance benefits and cite the Texas Deceptive Trade Practices Act and the Texas Insurance Code.

5. Specifically, Plaintiffs claim to have "purchased insurance" from "Conseco Health Insurance Company," which later changed its name to "Washington National Insurance Company." (*Id.* at section IV, ¶ 9 [*sic*].) In 2022, Plaintiff Charles Galbraith suffered a stroke, and Plaintiff Irene Galbraith suffered a heart attack. (*Id.* at section IV, ¶¶ 10 [*sic*], 11.) WNIC allegedly wrongfully denied Plaintiffs' claims related to these conditions. (*See id.* at ¶ 12.) Francisco and Boyd were allegedly involved in the sale of the insurance policy(ies), presumably as the selling agents. (*See id.* at ¶ 17 ("… the Defendants sold the insurance …").)

6. Plaintiffs allegedly "suffered damages well in excess of $1,000,000.00." (*Id.* at ¶ 8.) Plaintiffs also seek "punitive" and "exemplary damages in an amount 'not less than'

the maximum amount permitted by applicable law," or up to "six times" actual damages, plus attorneys' fees. (*Id.* at ¶¶ 26, 28.)

7. As explained in detail below, this Court has original jurisdiction based on diversity of citizenship and amount in controversy under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(a).

**B.     This Removal is Timely.**

8. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) as the 30-day time period for removal began to run no earlier than October 17, 2023, the date on which WNIC was served with a copy of the Petition and Citation. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *see also Spoon v. Fannin County Cmty. Supervision & Corr. Det't*, 794 F. Supp. 2d 703, 705 (E.D. Tex. 2011).

**C.     Venue is Proper in this Court.**

9. Venue properly lies in this United States District Court for the Southern District of Texas, Victoria Division under 28 U.S.C. §§ 1391(a)(2) and 124(b)(5), as this Division of this District embraces the location of the Texas state court where the State Court Action is pending.

**D.     Diversity of Citizenship Exists; Francisco and Boyd Are Improperly Joined.**

10. In truth, this is an action between citizens of different states. An individual's citizenship is based on his or her domicile. *Brady v. Denton County Elec. Coop., Inc.*, No. 4:09-CV-130, 2009 WL 3151177, at *6 (E.D. Tex. Sept. 28, 2009). An individual's domicile is where he or she has a fixed residence and intends to remain indefinitely. *Allen*

*v. Dovenmuehle Mortg., Inc.*, No. 3:13-CV-4710-L, 2014 WL 3579812, at *8 (N.D. Tex. Jul. 21, 2014).

11.     Here, Plaintiffs allege they are residents of DeWitt County, Texas. (Index, Pet. ¶¶ 2, 3.) Therefore, Plaintiffs are presumed to be citizens of Texas for the purposes of diversity jurisdiction. *See Evans v. Enterprise Products Partners, L.P.*, 426 F.Supp.3d 397, 404 (S.D. Tex. 2019) ("Evidence of a person's residence is *prima facie* proof of his domicile."), *citing Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *see also Brady*, *supra*, 2009 WL 3151177, at *6 ("[P]resenting evidence of the person's residence raises a presumption of their domicile.").

12.     A corporation's citizenship is based on its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). WNIC is an Indiana insurance company formed as an Indiana corporation, with its principal place of business in Indiana. (Declaration of Rachel Spehler, ¶ 3, filed herewith as Exhibit A.) Therefore, WNIC is a citizen of the State of Indiana.

13.     Francisco is alleged to be a resident of Williamson County, Texas; and Boyd is alleged to be a resident of Nolan County, Texas. (Index, Pet. ¶¶ 4, 5.) However, Plaintiffs have no factual or legal basis for any of the purported claims against Francisco or Boyd, who are joined in this action solely so that Plaintiffs can create the appearance of non-diversity of citizenship in an attempt to avoid this Court's jurisdiction. Therefore, Francisco's and Boyd's joinders are improper, their citizenships irrelevant, and complete diversity of citizenship exists.

14. The doctrine of improper joinder (sometimes referred to as "fraudulent joinder") ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Borden v. Allstate*, 589 F.3d 168, 171 (5th Cir. 2009). The court may ignore an improperly joined, non-diverse defendant in determining subject matter jurisdiction, and that defendant's consent is not required for removal. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (requiring the written consent of improperly or fraudulently joined parties "would be non-sensical, as removal in those cases is based on the contention that no other proper defendant exists.").

15. To establish that a non-diverse defendant has been improperly joined, the removing party must prove either: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). When the removing party argues the latter, "[t]he court must determine whether there is arguably a reasonable basis for predicating that state law might impose some liability" on the non-diverse defendant. *Id.* at 642. "A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one." *TAJ Properties, LLC v. Zurich AM. Ins. Co.*, No. H-10-2512, 2010 WL 4923473, at *1 (S.D. Tex. Nov. 29, 2010) (original emphasis), *citing Ross*, 344 F.3d at 462.

16. The standard for evaluating fraudulent joinder is similar to that used for evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6); however, the scope of the court's inquiry is broader. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669

(5th Cir. 2007). "[T]he court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Id.*, *quoting Ross*, 344 F.3d at 462-63. Such an inquiry may be appropriate "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, *supra*, 385 F.3d at 573-74.

17.     Sometimes, as here, the plaintiff's allegations are so facially ambiguous, there is no need to pierce the pleadings. For example, in *TAJ Properties*, *supra*, the plaintiff sued its insurer, its insurer's third-party administrator, and a claims adjuster employed by the third-party administrator in Texas state court, alleging wrongful denial of insurance benefits. 2010 WL 4923473, at *1. The insurer was a citizen of New York, the third-party administrator was a citizen of Delaware and New Jersey, and the adjuster and the plaintiff were citizens of Texas. *Id.* The insurer and the third-party administrator timely removed the case on the basis of diversity jurisdiction, arguing the adjuster was improperly joined. *Id.*

18.     On the plaintiff's motion to remand, this Court observed that in the "Facts" and "Causes of Action" sections of the petition, the plaintiff alleged nothing against the adjuster by name, but rather "recite[d] allegations against 'Defendants' generally." *Id.* at *2-3 ("Defendants misrepresented . . . Defendants failed . . . Defendants refused . . ." *etc.*). This Court explained how a proper pleading must sufficiently separate those actions "attributable" to each party and "put defendants on fair notice of the allegations against them, not require defendants to 'glean' the factual basis of such allegations from a list of ambiguous legal conclusions." *Id.* at *4.

19. This Court found that the plaintiff's allegations, which were "merely asserted against 'Defendants,' without alleging what facts [were] attributed to the adjuster individually as opposed to the insurance company, [did] not provide a reasonable basis for recovering from the adjuster." *Id*. Therefore, this Court concluded that the adjuster was improperly joined and denied the plaintiff's motion to remand. *Id.*

20. Here, Plaintiffs allege nothing against Francisco or Boyd specifically, but rather state all allegations against "Defendant" or "Defendants" generally. The opening paragraph of the Petition states, "Plaintiffs Charles and Irene Galbraith, files [*sic*] this Original Petition and asserts [*sic*] the following allegations and claims <u>against Washington National Insurance Company ("Defendants")</u> and would respectfully show the court the following…." (Index, Pet. (underlining supplied).)

21. Paragraphs 4 through 6 of the Petition allege physical addresses for Francisco, Boyd, and Washington National, respectively. (*Id.* at ¶¶ 4-6.) The last sentence of paragraph 6, which relates to Washington National, states, "<u>They are believed to be the company</u> that has willfully and wantingly [*sic*] engaged in the fraud leading to this claim." (*Id.* at ¶ 6 (underlining supplied).) Similarly, paragraph 10 states, "Washington National Insurance [*sic*] is believed to have committed the acts giving rise to this suit." The Petition does not even allege the *capacity* in which Francisco or Boyd were involved or their *relationship* to Plaintiffs or WNIC.

22. Paragraphs 9 and 10 of the Petition inappropriately suggest, without evidence, that the parties "contractually agreed" to a "forum selection clause" requiring that "any disputes to this agreement" be litigated in state court in DeWitt County. The

Petition attaches no such "contract" or "agreement." *See HMT Tank Service LLC v. American Tank & Vessel, Inc.*, 565 S.W.3d 799, 805 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("A party seeking to enforce a forum-selection clause bears the initial burden of establishing the existence of a valid agreement to an exclusive forum and that the agreement applies to the claims involved.")

23. The second set of paragraphs numbered "9" and "10," as well as paragraphs 11 and 12 of the Petition, set forth Plaintiffs' purchase of insurance from WNIC, Plaintiffs' 2022 health conditions, and the denial of Plaintiffs' claims. (Index, Pet. ¶¶ 9-12.)

24. Paragraphs 13 through 15 of the Petition, labeled "Breach of Contract," allege that Plaintiffs "and their insurance carrier entered into a valid and enforceable contract for insurance coverage" and that by denying Plaintiffs' claims, WNIC "and their excess carrier have failed to fulfil their obligation…." (*Id.* at ¶¶ 13-15.)

25. Paragraphs 16 through 20 of the Petition, labeled "Fraud," refer generally to false representations allegedly made by "Defendants." The thrust of Plaintiffs' argument seems to be that "[t]he agreement's intent was to provide the Plaintiffs insurance coverage for the conditions for which Plaintiffs suffered." (*Id.* at ¶¶ 16-20.) Paragraphs 21 through 23, labeled "Action for Misrepresentation," is an alternative claim "if defendant did not actually know the falsity of the representations described above…." (*Id.* at ¶¶ 21-23.)

26. First, "Texas law is clear that an insurance agent that is not in a contractual relationship with the insured cannot be liable for breach of contract." *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 WL 3602043, at *2 (S.D. Tex. Oct. 27, 2009) (denying remand in removal based on fraudulent joinder). Here,

based on the face of the Petition, WNIC's best guess is that Francisco and Boyd were the alleged sales agents. Regardless, the only alleged parties to the insurance agreements are Plaintiffs and their alleged "insurance carrier," WNIC. (Index, Pet. ¶¶ 13-15.) Because there is no alleged *contractional relationship* between Plaintiffs and Francisco or Boyd, the purported breach of contract claim against Francisco and Boyd is merely an attempt to fraudulently join them in this action and defeat this Court's jurisdiction. *See id.*

27. Second, Plaintiffs have not stated and cannot state claims for fraud and misrepresentation against Francisco and Boyd.[1] Again, the Petition fails to identify who Francisco and Boyd are or what they did, except for vague references to "Defendants," which term the Petition defines in the opening paragraph to mean "Washington National Insurance Company."

28. The reporters are full of cases where these types of allegations were found to have fallen short of the low bar for notice pleading, not to mention the heightened standard for fraud. *See Villalobos v. Hudson Ins. Co.*, No. 22-cv-00010, 2022 WL 4594029, at *12 ("Where fraud is pleaded in a complaint … Federal Rule 9(b)'s particularity requirement is imposed … A fraudulent inducement claim removed to federal court must therefore include the 'who, what, when, where, and how.'")

29. For example, in *Deggs v. Fives Bronx, Inc.*, the court denied remand where the plaintiff made "generalized, conclusory allegations against all Defendants collectively"

---

[1] These claims sound in contract, anyway. The alleged "intent" of the agreement "was to provide the Plaintiffs insurance coverage for the conditions for which Plaintiffs suffered." WNIC appears to have interpreted the agreement differently, leading to this lawsuit. (*See* Pet. ¶¶ 17.)

and "fail[ed] to assert that [the non-diverse defendant] had particular duties or knowledge." No. 19-406, 2020 WL 12948065, at *10 (M.D. La. Mar. 3, 2020) (report and recommendation), 2020 WL 1442970 (adopting report and recommendation). In *Bailey v. State Farm Lloyds*, in granting the defendants' motion to dismiss after denying the plaintiffs' motion to remand, the court explained, "Mentioning defendants and then failing to state specific actionable conduct against them does not suffice to state a claim against them." No. 00-3638, 2001 WL 34106907, at *6 (S.D. Tex. Apr. 12, 2001).

30. In *Griggs v. State Farm Lloyds*, the Fifth Circuit, in affirming the district court's denial of plaintiff's motion to remand, ruled, "We cannot say that [Plaintiff's] petition, which mentions [the agent] once in passing, then fails to state any specific actionable conduct on her part whatsoever, meets even the liberalized requirements that permit notice pleading." 181 F.3d 694, 699 (5th Cir. 1999). In *Rankin v. Shelter Ins.*, the court denied the plaintiff's motion to remand, noting how a party "cannot rely on collective allegations of wrongdoing to circumvent fraudulent joinder." No. 5:18-cv-25, 2018 WL 4212412, at *2 (S.D. Miss. Sept. 4, 2018). Recently, in *Maverick Field Services v. eMAXX Insurance Services, LLC*, this Court denied the plaintiff's motion to remand, stating, "The complaint does not provide facts alleging how [the non-diverse defendant] contributed to the breach of contract, and contains no allegations, specific or otherwise as to [its] liability." No. H-23-2513, 2023 WL 5803704, at *2 (S.D. Tex. Sept. 7, 2023).

31. In *Lanford v. Banner Life Insurance Company*, the court denied the plaintiff's motion to remand where the plaintiff "allege[d] claims for unfair insurance practices, deceptive trade practices, negligence, and fraud against 'Defendant' generally

[and] [n]o claims [were] alleged against [the insurance agents] specifically." No. 6:11-cv-084, 2012 WL 13027993, at *1 (N.D. Tex. Feb. 23, 2022); *see also Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 4:09-cv-165, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Both Defendants" violated such provisions were "legal conclusions couched as factual allegations," and stating, "The problem plaintiff has with each of these alleged violations is that it has alleged no facts to show that [the adjuster] performed any act that could be construed as a violation of any of the aforementioned sections [of the Insurance Code]."); *Broadway v. Brewer*, No. 4:08-cv-475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (finding a petition listing statutory provisions of the Insurance Code that were violated by "Defendants" "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept.29, 2008) (finding petition listing violations of the Insurance Code committed by the insurance company and then incorporating those violations against the adjuster did not state a claim against the adjuster because "[n]o specific code violations are attributed to [the adjuster] .... Ultimately, all allegations are conclusory, wholly lacking specific factual support, and merely assert that [the adjuster] violated the Texas Insurance Code.").

32. Here, Plaintiffs' failure to allege any specific conduct by Francisco or Boyd, much less introduce who Francisco and Boyd are and their connection to this supposed controversy, proves their joinder in this action was merely an afterthought designed to thwart federal jurisdiction.

33. The Petition violates the basic rules that guarantee fair notice of claims, leaving Francisco and Boyd (and WNIC) with nothing more than ambiguous legal conclusions from which to glean the factual bases for Plaintiffs' claims. In fact, the allegations against Francisco and Boyd are so specious that Plaintiffs have resorted to invoking a non-existent form selection clause and a warning against removal:

> … this case may not be removed as diversity is lacking here are "Home Forum" Defendants … Removed [sic] would be fraudulent and should result in assessment of costs, attorneys fees and sanctions.

(Index, Pet. ¶ 9.)

34. For all the foregoing reasons, Plaintiffs have no reasonable possibility of recovery against Francisco or Boyd, and this case is, in reality, a dispute between diverse parties.

### E. The Amount in Controversy Requirement is Satisfied.

35. In addressing the amount in controversy, WNIC does not concede the validity of Plaintiffs' claims or attempt to predict what Plaintiffs will recover. The amount in controversy is determined by the amount demanded, not what will ultimately be recovered. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289-290 (1938). The amount in controversy includes *all* damages available under the law governing the suit. *Lester v. Lester*, No. 3:06-CV-1357-BH, 2009 U.S. Dist. LEXIS 101475, *12 (N.D. Tex. Oct. 29, 2009).

36. Here, the Petition reveals "on its face" that Plaintiffs are seeking in excess of the $75,000.00 jurisdictional threshold. *See Fire Ins. Exchange v. Target Corp.*, No. H-08-

1786, 2008 WL 3049896, at *1-2 (S.D. Tex. Aug. 1, 2008) Specifically, Plaintiffs allege to have "suffered damages well in excess of $1,000,000.00." (Index, Pet. ¶ 8.) Therefore, the amount in controversy requirement is satisfied.

37.     As required by 28 U.S.C. §1446(d), written Notice of Removal is being given to all adverse parties, and a copy of the Notice is being filed with the District Court of DeWitt County, Texas.

WHEREFORE, Defendant Washington National Insurance Company, by counsel, respectfully requests that the State Court Action be removed from the District Court of DeWitt County, Texas, to the United States District Court for the Southern District of Texas, Victoria Division, and proceed as an action properly removed thereto.

Respectfully submitted,

By:     /s/Andrew G. Jubinsky
        Andrew G. Jubinsky
        Texas Bar No. 11043000
        andy.jubinsky@figdav.com
        Olivia G. Stedman
        Texas Bar No. 24121146
        olivia.stedman@figdav.com

**FIGARI + DAVENPORT, L.L.P.**
901 Main Street, Suite 3400
Dallas, TX, 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT
WASHINGTON NATIONAL INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

    I hereby certify that on November 3, 2023, a true and correct copy of the foregoing document was served according to the Federal Rules of Civil Procedure on the following counsel:

| | |
|---|---|
| Justin L. Williams<br>Sean J. Williams<br>WILLIAMS ATTORNEYS, PLLC<br>500 Water Street, Suite 500<br>Corpus Christi, TX 78401<br>justin@williamstrial.com<br>sean@williamstrial.com<br>service@williamstrial.com<br><br>*Attorneys for Plaintiffs* | Skip Francisco<br>532 Breezygrass Way<br>Georgetown, TX 78626<br><br>*Defendant*<br><br>LeeAnn Boyd<br>aka Deann Boyd<br>1902 Morris Avenue<br>Sweetwater, TX 79556<br><br>*Defendant* |

                                           */s/ Andrew G. Jubinsky*
                                             Andrew G. Jubinsky