United States District Court
Southern District of Texas
**ENTERED**
May 17, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| CHARLES GALBRAITH, *et al.*, § § | |
| Plaintiffs, § § | |
| VS. § | CIVIL ACTION NO. 6:23-CV-00057 |
| § | |
| WASHINGTON NATIONAL § | |
| INSURANCE COMPANY, *et al.*, § § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiffs Charles and Irene Galbraith initially filed a complaint in September 2023 in Texas state court against Defendants Washington National Insurance Company ("WNIC"), Skip Francisco, and DeeAnn Boyd. (D.E. 1-2 at 8-13). In November 2023, WNIC removed the case to federal court, alleging that Francisco and Boyd were improperly joined to avoid diversity jurisdiction. (D.E. 1). Currently pending are the Galbraiths' motion to remand (D.E. 4), Francisco and Boyd's motion to dismiss (D.E. 11), and the Galbraiths' motion for contempt (D.E. 14), along with all responses and replies (D.E. 8, 20, 23, 25).

For the reasons discussed further below, it is recommended that the Galbraiths' motions to remand (D.E. 4) and for contempt (D.E. 14) be **DENIED**, the claims against Francisco and Boyd be **DISMISSED**, and Francisco and Boyd's motion to dismiss (D.E. 11) be **DISMISSED** as moot.

## I.  BACKGROUND

### *a.  Complaint*

In the introductory paragraph of their complaint, the Galbraiths note that they assert "the following allegations and claims against Washington National Insurance Company ('Defendants')." (D.E. 1-2 at 8).  The Galbraiths further allege that they, Francisco, and Boyd are all residents of Texas. (*Id.*).  Removal under diversity jurisdiction would be improper due to the parties not being diverse, and the contract underlying the suit had a forum selection clause providing exclusive jurisdiction in DeWitt County, Texas. (*Id.* at 9).

The Galbraiths further allege that they purchased insurance from a company that later became WNIC. (*Id.* at 10).  In June 2022, Charles Galbraith suffered a stroke and was transported to a hospital in San Antonio, Texas.  In December 2022, Irene Galbraith suffered a heart attack and was transported to a hospital in Victoria, Texas.  WNIC denied insurance claims for both.  The claim for Charles Galbraith's stroke was denied based on one sentence in a medical report from a non-treating physician, and it is unknown why Irene Galbraith's claim was denied. (*Id.*).

The Galbraiths allege three causes of action. (*Id.* at 10-12).  First, they allege a breach of contract arising from WNIC's denial of their insurance claims. (*Id.* at 10).  Second, they allege fraud in violation of the Texas Insurance Code and Texas Deceptive

Trade Practices Act ("DTPA") because the Defendants[1] made false representations at the time they sold the insurance policy. (*Id.* at 11). The intent of the policy was to cover the conditions the Galbraiths suffered from, and Defendants agreed to that understanding, but knew that these representations were false and were intended only to induce the Galbraiths into entering the agreement. (*Id.*). Third, they allege misrepresentation, contending that even if Defendant[2] did not know of the falsity of the representations at the time, in the exercise of reasonable care, it should have. (*Id.* at 12). The Galbraiths seek actual damages and exemplary damages. (*Id.* at 12-13).

      b. *Notice of Removal*

In the notice of removal, WNIC asserts that diversity of citizenship exists because it is an Indiana corporation, the Galbraiths are Texas citizens, and both Francisco and Boyd were improperly joined. (D.E. 1 at 3-4). WNIC contends that the Galbraiths have no factual or legal basis for any claims against Francisco or Boyd, who were only joined to create an appearance of non-diversity. (*Id.* at 4). WNIC asserts that the Galbraiths have alleged nothing against Francisco or Boyd specifically, but rather only generally refer to "Defendant" or "Defendants" and define WNIC as the only Defendant in the complaint's opening paragraph. (*Id.* at 7). WNIC argues that the complaint does not even allege who Francisco and Boyd are or what their relationship is to either WNIC or the Galbraiths. (*Id.*). As to the alleged forum-selection clause, WNIC notes that the Galbraiths did not attach

---

[1] The complaint refers only to "Defendants" throughout this section.
[2] The complaint refers to a "Defendant" in the singular in this section.

3

any contract or agreement and bear the burden of proving that one exists. (*Id.* at 7-8). Based on an assumption that Francisco and Boyd were insurance agents, WNIC contends that insurance agents are not in a contractual relationship and cannot be liable for the breach of contract claim. (*Id.* at 8-9). As to the fraud claim, WNIC argues that the complaint does not identify who Francisco and Boyd are and does not meet the heightened pleading standard applicable to fraud claims. (*Id.* at 9-12).

    *c.*    *Submitted Evidence*

In August 2011, Irene Galbraith applied for a heart disease, heart attack, and stroke insurance policy covering both herself and Charles Galbraith. (D.E. 8-1 at 3, 6-7). The insurance agent of record was Ted Arnold. (*Id.* at 7). WNIC issued the policy on the same day. (*Id.* at 3, 10-34). Among other provisions, the policy included a "benefit builder" providing for a 20% increase in the dollar amounts paid out for each year completed under the policy. (*Id.* at 25). There is no forum-selection clause in the insurance policy. (*See id.* at 17-31).

In February 2023, WNIC sent checks to Irene Galbraith in response to her claim, but she returned all the checks as "not negotiable" and "not a satisfactory settlement." (*Id.* at 36-47). In April 2023, the Galbraiths' lawyers sent a letter to WNIC regarding the denial of Charles Galbraith's claim and the possibility of legal action. (*Id.* at 51-52). WNIC responded that records showed that Charles Galbraith was diagnosed with a complicated migraine and cervical spasm, not a stroke, and therefore his medical issue was not covered by the policy. (*Id.* at 53).

A note sheet dated November 14, 2017, allegedly written by Boyd, states that the Galbraiths should never cancel their heart care policy because it included a benefit builder that caused the policy to grow by 20% for ten years. (D.E. 23-1 at 1). The sheet listed Francisco's and Boyd's names and a phone number for each of them. (*Id.*).

## II.  DISCUSSION

In their motion to remand, the Galbraiths argue that Francisco and Boyd are properly joined. (D.E. 4 at 3-4). They argue that the complaint alleges that Francisco and Boyd made false representations at the time the insurance policy was sold, including that the value of the policy increased over time. (*Id.* at 4). They contend that Francisco and Boyd sold them the policy that resulted in the breach of contract by all defendants. (*Id.* at 4-5).

WNIC responds that the Galbraiths have relied on actual fraud in their jurisdictional pleadings because: (1) the sales agent of record was Ted Arnold, not Francisco or Boyd; and (2) they alleged a non-existent forum selection clause as part of a threat against potential removal. (D.E. 8 at 6-7). Further, WNIC contends that the Galbraiths are unable to establish any claim against Francisco or Boyd. (*Id.* at 7-9). WNIC argues that the complaint does not allege anything against Francisco or Boyd specifically, but rather only generally references "Defendant" or "Defendants," which is defined at the beginning of the complaint to mean WNIC. (*Id.* at 9-10). WNIC asserts that insurance agents cannot be liable for breach of contract because there is no contractual relationship between the agent and the insured. (*Id.* at 10). Similarly, WNIC asserts that the Galbraiths cannot state a

claim for fraud or misrepresentation against Francisco and Boyd because the complaint does not even allege who they are or what they did. (*Id.* at 10-13).

The Galbraiths have not filed a reply.

District courts have jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000" and where the dispute is between "citizens of different States." 28. U.S.C. § 1332(a). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Where the removal is based on diversity of citizenship, the case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b).

"The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). There are two ways for a defendant to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

To show an inability to establish a cause of action, the defendant must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that

6

the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. Typically, this means applying a Rule 12(b)(6)-type analysis based on the allegations in the complaint. However, where the plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder," the "district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* This summary inquiry must be limited only to identifying "the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. "[T]he district court must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff. In addition, the court must resolve all ambiguities of state law in favor of the non-removing party." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 463 (5th Cir. 2003) (internal citation and quotation marks omitted).

Both the Texas Insurance Code and DTPA apply to "any person" whose conduct is prohibited by the act, including insurance agents and brokers as individuals. Tex. Ins. Code §§ 541.002-541.003; Tex. Bus. & Comm. Code § 17.50(a); *TAJ Properties, LLC v. Zurich Am. Ins. Co.*, No. CIV.A. H-10-2512, 2010 WL 4923473, at *2 (S.D. Tex. Nov. 29, 2010). In *TAJ Properties*, the plaintiff filed a claim under its insurance policy against both the out-of-state insurance company and an in-state insurance adjuster. *Id.* at *1. The insurance company removed the case to federal court under diversity jurisdiction, contending that the insurance adjuster was improperly joined. *Id.* The court noted that the complaint did not allege anything against the insurance adjuster by name, but rather only recited allegations

7

against "Defendants" generally. *Id.* at *2-3. The court concluded that the plaintiff did not sufficiently allege any actionable conduct by the insurance adjuster individually and did not put him on fair notice of the allegations against him. *Id.* at *3. The court concluded that "[a]llegations merely asserted against 'Defendants,' without alleging what facts are attributed to the adjuster individually as opposed to the insurance company, do not provide a reasonable basis for recovering from the adjuster." Thus, the court found that the insurance adjuster was improperly joined and dismissed him as a defendant. *Id.*

Here, as an initial matter, the Galbraiths do not have a reasonable possibility of recovering against Francisco and Boyd on their breach of contract claim because insurance agents do not have a contractual relationship with an insured and cannot be liable for a breach of contract claim. *See, e.g., Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. CIV.A H-09-1728, 2009 WL 3602043, at *2 (S.D. Tex. Oct. 27, 2009). The Galbraiths concede as much in their response to Francisco and Boyd's motion to dismiss and drop their breach of contract claim against Francisco and Boyd. (D.E. 23 at 8-9). This leaves only the fraud and related misrepresentation claims under the Texas Insurance Code and DTPA.

Although this case involves insurance agents rather than an insurance adjuster, the allegations in the complaint here are analogous to those in *TAJ Properties*. The Galbraiths do not allege anything against Francisco and Boyd by name, but rather only refer to "Defendant" or "Defendants" throughout the complaint. (D.E. 1-2 at 8-13). The complaint does not even allege that Francisco and Boyd were insurance agents. (*See id.*). Throughout

8

the entire complaint, the only facts alleged specifically about Francisco and Boyd are their addresses. (*Id.* at 8). Moreover, the complaint specifically defines "Defendants" to mean WNIC and refers to a singular "Defendant" when discussing the misrepresentation claim. (*Id.*). As in *TAJ Properties*, the complaint does not sufficiently allege actionable conduct by Francisco and Boyd as individuals and does not put them on fair notice of the allegations against them. *TAJ Properties*, 2010 WL 4923473 at *3. By asserting allegations merely against "Defendants" without any additional explanation of what facts are being attributed to Francisco and Boyd personally, the complaint does not provide a reasonable basis for recovering from the insurance agents. *Id.* Although the motion to remand attempts to expand on what actions Francisco and Boyd took individually, those details are simply not in the complaint. Accordingly, as in *TAJ Properties*, based on the lack of sufficient factual allegations in the complaint, Francisco and Boyd were improperly joined and should be dismissed as defendants.

However, even were the court to pierce the veil to uncover misstated or omitted facts that are relevant to the Galbraiths' ability to recover against Francisco and Boyd, the conclusion is the same. *Smallwood*, 385 F.3d at 573. According to the Galbraiths' motion, the fraud and misrepresentation claims are based on Francisco and Boyd, acting in their role as insurance agents, allegedly inducing the Galbraiths into agreeing to the insurance policy by telling them the policy would increase in value over time, which Francisco and

9

Boyd knew to be false. (D.E. 1-2 at 11).³ However, the insurance policy does include a benefit builder clause that is entirely consistent with the handwritten note submitted by the Galbraiths and attributed to Boyd. (D.E. 8-1 at 25; D.E. 23-1 at 1). The benefit builder is specifically defined to increase the values listed in the policy's benefit schedule, which is also provided as part of the policy, and therefore can be calculated and applied under the defined terms of the policy. (*Id.* at 25, 30). Accordingly, there is no reasonable basis to predict that the Galbraiths could recover against Francisco and Boyd on these claims because the policy shows there was no false statement by Francisco or Boyd regarding the benefit builder clause.

Due to the conclusion that the Galbraiths have not shown a reasonable basis to predict that they could recover against Francisco and Boyd, this memorandum has not addressed WNIC's alternative argument that the Galbraiths' allegations contained actual fraud that also shows improper joinder. However, the uncontroverted evidence shows that the insurance agent of record was Ted Arnold, not Francisco or Boyd, and that there was no forum selection clause in the insurance policy, contrary to the allegations in the complaint. (D.E. 1-2 at 9; *see generally* D.E. 8-1 at 7, 17-31). The Galbraiths have not addressed or explained these inconsistencies.

Accordingly, it is recommended that: (1) the motion to remand (D.E. 4) be denied because Francisco and Boyd were improperly joined; and (2) the claims against Francisco

---

³ The Galbraiths raise the same argument in their response to Francisco and Boyd's motion to dismiss. (D.E. 23 at 11-12).

and Boyd be dismissed. Because it is undisputed that WNIC is an Indiana corporation and the Galbraiths are citizens of Texas, this Court may properly exercise diversity jurisdiction. The Galbraiths have also filed a motion for contempt, contending that WNIC failed to properly get unanimous consent from co-defendants Francsico and Boyd before removing the case. (D.E. 14). This motion is without merit for multiple reasons and it is recommended that it be denied. *See U.S. v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004) (noting that a court order must be in effect for civil contempt); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (stating that applying consent requirement in a case where improper joinder is alleged would be nonsensical). Finally, it is recommended that Francisco and Boyd's pending motion to dismiss (D.E. 11) be dismissed as moot because the claims against them should be dismissed for improper joinder prior to consideration of their motion.

### III. RECOMMENDATION

Accordingly, it is recommended that the Galbraiths' motions to remand (D.E. 4) and for contempt (D.E. 14) be **DENIED**, the claims against Francisco and Boyd be **DISMISSED**, and Francisco and Boyd's motion to dismiss (D.E. 11) be **DISMISSED** as moot.

Respectfully submitted on May 16, 2024.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).